COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: November 14, 2017
Date Submitted:  August 24, 2017

*Via U.S. Mail & FSX*

James A. Landon, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899

Ryan W. Ragland
Amanda R. Ragland
2410 Silverside Road
Wilmington, DE 19810

    Re:    *Chatham Civic Association v. Ryan W. Ragland et al.*
           C.a. No. 2017-0230-MTZ

Dear Counsel and Litigants,

This deed restriction dispute concerns the height of a fence built by homeowners Ryan and Amanda Ragland ("the Raglands").  Via a complaint filed March 27, 2017, the Raglands' neighborhood association tasked with enforcing deed restrictions ("the Association") asserts the Raglands' property is bound by a deed restriction limiting fences to four feet in height, and that the Raglands' fence exceeds four feet.  The Association seeks an order requiring the Raglands to remove the fence or shorten it to four feet, an order permanently enjoining the

Raglands from violating the restriction, and attorneys' fees and costs.[1]  The

Raglands filed a *pro se* answer on March 5, 2017, asserting they shortened the

fence and would put the finishing touches on that work if the Association would

dismiss this action.[2]

On June 21, 2017, the Association filed a motion for judgment on the

pleadings on the basis that the Raglands' answer did not deny the allegations in the

Association's complaint.  The Association concludes the Association's allegations

should be deemed admitted and the requested relief ordered pursuant to Court of

Chancery Rule 8(d).   On June 23, 2017, the Raglands filed another "answer"

alleging the Raglands and the Association had been negotiating the completion of

the fence and resolution of the litigation.  The Raglands opposed the Association's

request for attorneys' fees based on the Association's lack of written notice in

advance of filing the complaint, filing in this Court instead of with the Attorney

General's Office of the Ombudsperson for the Common Interest Community, and

the availability of funds from residential dues set aside to pay fees and charges

necessary to enforce deed restrictions.  The Raglands filed a "supplemental

answer" on June 27, 2017, categorically denying the Association's allegations and

alleging their fence plan, approved by the Association, indicated the fence's height

---

[1] D.I. 1.  The Association did not file a certification stating this case was eligible to proceed under 10 *Del. C.* § 348, so the case has not progressed pursuant to that section.
[2] D.I. 5.

would vary with the grade so that the fence was level.[3]  The Association filed no reply.

On August 16, 2017, the Court sent a letter requesting the Raglands respond to the motion for judgment on the pleadings.  The Raglands contacted the Register in Chancery and indicated their "answers" of June 23 and 27 should serve as their responses to the motion.  I took the motion under advisement on the briefs.

"A motion for judgment on the pleadings may be granted only when no material issue of fact exists and the movant is entitled to judgment as a matter of law."[4]  The Association's motion relies on Rule 8(d) to extract a case-dispositive victory from procedural shortcomings in the Raglands' March 5 *pro se* answer. The Raglands' *pro se* filings "may be held to a somewhat less stringent technical standard than formal pleadings drafted by lawyers."[5]  "Delaware courts, at their discretion, look to the underlying substance of a *pro se* litigant's filings rather than rejecting filings for formal defects."[6]  In my view, the Raglands' March 5 answer expressed the Raglands' position on the case at that time and was filed in a spirit of compromise in the context of ongoing negotiations.  Their technical failure to deny

---

[3] D.I. 10, Ex. A.
[4] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).
[5] *Vick v. Haller*, 1987 WL 36716, at *1 (Del. Mar. 2, 1987).
[6] *Sloan v. Segal*, 2008 WL 81513, at *8 (Del. Ch. Jan. 3, 2008).

the Association's specific allegations does not justify judgment in the Association's favor.

The Association's motion for judgment on the pleadings is denied. The parties shall submit a status update within twenty (20) days, including whether the fence has been shortened and completed and a proposed schedule for resolving this matter.[7]

This is a final report pursuant to Court of Chancery Rule 144.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery

---

[7] To aid in narrowing the issues, I will share my current thoughts on the Association's fee request, which may change depending on the parties' submissions. Under Delaware law, litigants are ordinarily responsible to pay the costs of their own representation in litigation. *Dover Historical Soc., Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1090, 1093-94 (Del. 2006). Express statutory authorization and certain equitable doctrines, such as the bad faith exception, provide limited exceptions to that rule. *Id.* Because this action was not certified pursuant to 10 *Del. C.* § 348, I do not believe that statutory fee-shifting provision supports the Association's fee request. I see no fee-shifting provision in the Association's deed restrictions. *See* Compl. Ex. A, ¶ (F)(2) (empowering the Association to prosecute deed restriction violations and recover damages, with no mention of fees or costs). And the docket does not reveal any obvious bad faith that would justify shifting fees under the bad faith fee-shifting exception.